UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ENRIQUE GONZALEZ, on behalf of   )
himself and all others similarly situated,   )
  )
      Plaintiff,   )
  )
    vs.   )   Case No. 4:12CV1586 CDP
  )
SARA, INC., d/b/a IHOP #5328, et al.,   )
  )
     Defendants.   )

## MEMORANDUM AND ORDER

This matter is before me on plaintiff Enrique Gonzalez's motion for leave to
file a second amended complaint. In his first amended complaint, Gonzalez
asserted a collective-action claim against his former employers: Sara, Inc. (an
IHOP restaurant located in St. Peters, Missouri) and its owner Khalid Whalid
Ramadan. Gonzalez alleged that Sara, Inc. and Ramadan violated the Fair Labor
Standards Act, 29 U.S.C. §§ 201 *et seq.*, by misclassifying him and other similarly
situated individuals as overtime-exempt employees; by failing to accurately record
their work hours; and by failing to pay them overtime.

Gonzalez now seeks leave to add eight new defendants, which are all
additional IHOP locations owned or operated by defendant Ramadan. Gonzalez
also seeks leave to add Count II, a class-action claim under Missouri's wage and

hour laws, Mo. Rev. Stat. §§ 290.500 *et seq.* Additionally, Gonzalez seeks to enlarge his putative class definition to include not only salaried cooks of defendants, but also non-salaried workers "employed as Cooks" or who "performed cooking or cooking-related duties."

Defendants Sara, Inc. and Ramadan oppose Gonzalez's motion for leave to amend his complaint. Defendants point out that the motion was filed three months after the deadline for amending pleadings, which was set out in the case management order. They argue that no good cause exists for granting the motion out of time. They also contend the motion was unduly delayed, brought in bad faith, and would be futile.

After careful consideration, I will deny plaintiff Gonzalez's motion to amend.

## I.    Discussion

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Different considerations apply, however, when a party moves to amend his pleadings after a deadline established in a scheduling order. In particular, because Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent," the Eighth Circuit Court of Appeals requires parties to show good cause before amending their pleadings if they move to amend after the

deadline established in the scheduling order. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

In considering whether a movant has shown good cause, a district court must first examine the movant's diligence in attempting to meet the requirements of the scheduling order. *Sherman*, 532 F.3d at 716. If the court determines that the movant was diligent, it may then consider the undue prejudice to the nonmovant resulting from the proposed modification of the scheduling order. *Id.* at 717.

In this case, the deadline for amending pleadings and joining parties was initially set for January 25, 2013. This deadline, like the others in the Case Management Order, we based on a proposal made jointly by the parties. After Gonzalez filed an unopposed motion to push back this deadline, I allowed a one-week extension to February 1, 2013. Before that deadline expired, Gonzalez sought to file his First Amended Complaint, which clarified certain aspects of the original complaint. Defendants did not oppose the motion and I granted leave to amend. The First Amended Complaint, like the initial complaint, limited the putative class to cooks "designated as salaried." Also like the initial complaint, the First Amended Complaint advanced a single claim against the defendants: violation of the overtime provisions of the FLSA. Now Gonzalez seeks to file a

second amended complaint that would include eight new defendants, a class-action claim, and an enlarged class definition.

Gonzalez argues that he acted diligently in attempting to meet the pleading amendment deadline. He points out that defendants have only recently provided information about the other IHOP entities owned or operated by defendant Ramadan, and that he filed his request to amend within one week of receiving that new information. He contends that this new information revealed "a larger class of employees performing cooking duties than initially understood" and provides him with a basis for adding class-action claims. Gonzalez argues that the defendants' interrogatory response constituted a "newly discovered fact" that amounts to good cause for amending his complaint.

I disagree. The extended deadline for amending the pleadings and joining new parties was February 1, 2013. At best, according to his own timeline, Gonzalez sent the interrogatory in question on the eve of that date. This does not demonstrate that the amendments deadline "[could not] reasonably [have been] met despite the diligence of the party seeking the extension." *Sherman*, 532 F.3d at 717 (quoting Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment)).

Further, Gonzalez does not explain why he could not have amended his class definition before the pleading amendment deadline. Determining the appropriate

scope of the putative class in this case does not seem to require information about additional potential IHOP defendants.  In fact, the only explanation of Gonzalez's belated attempt to change the class definition comes from the defendants, who allege that Gonzalez has now discovered that the initial putative class of salaried cooks was not as large as he believed.  If Gonzalez wishes to amend only so he may represent a larger class of plaintiffs, it cannot constitute the good cause required to allow the amendment.  *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012) (attempting to belatedly amend a class-action complaint to include punitive damages was a "tactical decision" that was "fully the [plaintiffs'] prerogative," but it "hardly constitute[d] good cause").

## II.    Conclusion

In sum, Gonzalez has not shown he acted diligently in attempting to meet the pleading-amendment deadline.  Therefore, I cannot find that there is the requisite good cause to allow the amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint [#34] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013.

– 5 –