UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENRIQUE GONZALEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SARA, INC., d/b/a IHOP #5328, and )<br>KHALID WHALID RAMADAN, )<br>)<br>Defendants. ) | Case No. 4:12CV1586 CDP |

## MEMORANDUM AND ORDER

Plaintiff Enrique Gonzalez brought this suit against his former employer seeking to recover unpaid overtime under the Fair Labor Standards Act. Both sides have moved for summary judgment on the issue of whether Gonzalez was exempt from the FLSA's overtime requirements as an executive employee. Both sides seek summary judgment on issues related to the calculation of overtime claimed, and plaintiff seeks summary judgment that defendants violated the FLSA's record-keeping provision. I conclude that genuine questions of material fact preclude summary judgment on any issue.

**I.     Background**

Defendant Sara, Inc., is an IHOP franchise located in St. Peters, Missouri. It is owned by defendant Khalid Ramadan. Plaintiff Enrique Gonzalez began working at Sara, Inc. in 2006 as a line cook. He was initially paid $10 per hour.

The restaurant had a store manager responsible for the overall operation of the restaurant. The store manager directly supervises "front of the store" staff, such as hosts and servers. The store manager is also ultimately responsible for kitchen staff, but in some IHOPs these staff may report to an intermediate supervisor called a "kitchen manager." In December 2008, Gonzalez' rate and method of pay changed, and defendants began paying him $550 per week. According to defendants, Gonzalez was promoted to kitchen manager at that time, and $550 represented Gonzalez' new weekly salary. That amount later increased to $650 per week, and then $670 per week, both in May 2009. Gonzalez testified that he worked 60 to 65 hours per week, and although he was not paid overtime, he was given $50 or $100 in cash if he worked an extra day. Gonzalez was terminated in July 2012. Since then, Sara, Inc. has not hired a replacement kitchen manager. Gonzalez initially filed this suit as a collective action, seeking to represent others similarly situated, but he is now the only plaintiff.

## II.    Discussion

The summary judgment standards do not change when both parties have moved for summary judgment. *See Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). In determining whether to grant either party's motion, the court views the facts – and any inferences from those facts – in the light most

– 2 –

favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The movant bears the burden of establishing that (1) it is entitled to judgment as a matter of law and (2) there are no genuine issues of material fact.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine issue for trial.  *Matsushita*, 475 U.S. at 587.

Generally, the Fair Labor Standards Act demands that employees be compensated at an increased rate for all overtime hours.  29 U.S.C. § 207; *Auer v. Robbins*, 65 F.3d 702, 709–10 (8th Cir. 1995).  However, the FLSA provides an exemption from this rule for bona fide executive employees.  29 U.S.C. § 213(a)(1).  This exemption must be narrowly construed, *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959), and its application is an affirmative defense on which the employer has the burden of proof.  *Hertz v. Woodbury County, Iowa*, 566 F.3d 775, 783 (8th Cir. 2009).

The Department of Labor has set forth four factors to consider in determining whether an employee falls under the FLSA's executive exemption.  An employee employed in a "bona fide executive capacity" means any employee:

(1) Compensated on a salary basis of not less than $455 per week . . . ;

– 3 –

> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a)(1)-(4).

### A.   *Issues of Fact Prevent Summary Judgment on Exemption*

Both parties seek summary judgment on the issue of whether Gonzalez is a "bona fide executive" employee. The parties agree that Gonzalez was compensated on a salary basis of not less than $455 per week, but they dispute the remaining three factors described by the Department of Labor.

The second factor to consider under the executive exemption – and the first of the factors disputed by the parties – is whether an employee's "primary duty" is management. *See* 29 C.F.R. § 541.100(a)(2), 541.102 (providing a list of typical management activities). Department of Labor regulations set out four non-exclusive factors to consider when determining an employee's primary duty: (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the

– 4 –

employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. *Id.* § 541.700(a); *see also Spinden v. GS Roofing Prods. Co., Inc.*, 94 F.3d 421, 427 (8th Cir. 1996). The amount of time an employee spends on exempt duties, as well as the significance of those duties, are questions of fact. *Spinden*, 94 F.3d at 426 (quoting *Reich v. Avoca Motel Corp.*, 82 F.3d 238, 240 (8th Cir. 1996)).

In this case, there are fundamental questions of material fact about not only what Gonzalez did, but what Gonzalez was expected or required to do by his employer. According to the defendants, Gonzalez was a kitchen manager whose primary duty was to train and supervise other kitchen employees but who pitched in to cook and clean from time to time. According to Gonzalez, he was a line cook whose primary duty was cooking, but who took it upon himself, as an experienced employee, to fix his colleagues' orders if they were not done properly, move other cooks around if the manager agreed, and help out new employees so they would not get confused. Whether this type of task constituted his "primary duty" cannot be resolved on summary judgment.

In addition, there is a question of fact as to how important Gonzalez' exempt duties were to the defendants. Although defendant has presented testimony from other kitchen managers about their management duties, it has not hired a kitchen

– 5 –

manager to replace Gonzalez. If Gonzalez in fact had the same duties as the other kitchen managers, that would indicate work that was important to the employer. But the failure to hire a kitchen manager to replace him indicates that his non-exempt duties may have been as important as his exempt duties. This factual dispute cannot be resolved on summary judgment.

Defendants argue that, despite the numerous issues of fact, summary judgment is appropriate because plaintiff's testimony "so contradict[s] the overwhelming evidence that [he] was Sara, Inc.'s Kitchen Manager that his testimony should be disregarded." This argument is off-base for at least three reasons: first, whether plaintiff was or was not called "kitchen manager" is not dispositive of his exemption status. *See* 29 C.F.R. § 541.2 ("A job title alone is insufficient to establish the exempt status of an employee."). Second, plaintiff's testimony is not the sole evidence supporting his position that he was non-exempt. Third, unlike the claims at issue in most of the cases cited by defendants, the executive exemption is an affirmative defense on which defendants – not the plaintiff – bear the burden of proof. In short, I cannot say that the record as a whole could not lead a rational trier of fact to find for Gonzalez. *Matsushita*, 475 U.S. at 587.

B.     *Issues of Fact Prevent Summary Judgment on Record-Keeping Violation*

Plaintiff Gonzalez seeks summary judgment on the defendants' supposed violation of the record-keeping requirements of the FLSA and its attendant regulations. *See* 29 C.F.R. § 516.2(a)(7). The type of data required for exempt employees and non-exempt employees is different. *See* 29 C.F.R. § 516.3; *Irwin v. Wisconsin*, No. 92-2509, 1993 WL 134051, at *11 n.7 (7th Cir. Apr. 28, 1993) (noting the differences). Since I cannot resolve Gonzalez' exempt status at this stage, I also cannot determine whether defendants violated the FLSA's record-keeping requirements.

C.     *Issues of Fact Prevent Summary Judgment on Any Overtime Calculation*

Both parties request summary judgment on various issues of calculating the overtime pay due to Gonzalez, should he ultimately be deemed a non-exempt employee.

Any overtime calculation requires a finding about Gonzalez' regular hourly "rate of pay." *See* 29 U.S.C. § 206. Defendants argue that Gonzalez' regular hourly rate should be determined by dividing his fixed weekly wage by the number of hours he actually worked, rather than dividing it by the generally accepted figure of 40 hours per week.

I cannot determine whether this is appropriate at this stage. Department of Labor regulations provide that if an employee "is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a). There is a question of fact as to whether Gonzalez was employed "solely on a weekly salary basis," given that he testifies that he was paid $50 or $100 under the table nearly every pay period for working on Mondays, his day off. He also undisputedly received bonuses on three occasions during the period in question. Furthermore, Gonzalez testified that he tended to work more hours than he was scheduled. Unlike *Kanatzer v. Dolgencorp, Inc.*, 4:09CV74, 2010 WL 2720788 (E.D. Mo. 2010), the parties do not agree that they confirmed upfront how many hours per week Gonzalez would work.

For the same reasons, I cannot decide whether the "fluctuating workweek" method of pay should be used to calculate Gonzalez' overtime. *See* 29 C.F.R. § 778.114(c). This method is only applied if "the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek." *Id.* There is conflicting evidence that prevents me from finding at this stage, as a matter of law, that such an understanding existed.

– 8 –

Finally, both parties seek summary judgment on the issue of what statute of limitations to apply. The FLSA provides for a two-year statute of limitations unless the employer's violation was "willful." 29 U.S.C. § 255(a). If an employee shows that the violation was "made knowingly or with reckless disregard for whether the employer's conduct was prohibited," the statute of limitations "is extended from two to three years." *Brown v. Fred's, Inc.*, 494 F.3d 736, 743 (8th Cir. 2007). Given the genuine factual disputes that prevent summary judgment on Gonzalez' exempt status, I cannot resolve at this stage whether the defendants violated the FLSA, much less whether they did so willfully. Similarly, I cannot determine – as Gonzalez requests – whether an award of liquidated damages would be appropriate, in the event that Gonzalez is ultimately found to be non-exempt.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#53] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment [#57] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of January, 2014.